*143 ORDER
GARY P. SULLIVAN, Chief Justice.
A timely NOTICE OF APPEAL having been filed December 15, 2003 by Kimberly Johnson, Tribal Prosecutor, from an Order to Release, issued by the Honorable John Christian, on December 8, 2003, and good cause appearing therefore, the said appeal is granted and the matter is remanded without further appellate proceedings for the reasons set forth below.
The juvenile herein was charged with being a delinquent youth pursuant to Title IX CCOJ 2000 § 102(g) for two separate violations of Title VII CCOJ 2000 § 440 (Disorderly Conduct). The youth entered guilty pleas on October 17, 2003 (J03-10-1797) and on October 27, 2003 (J03-10-1840). The matter came before Chief Judge Bryce Wildcat on November 25, 2003 and the Tribal Court accepted the guilty pleas and sentenced the juvenile to fifteen (15) days in the Fort Peck Juvenile Detention Center for J0S-10-1840, with instructions to L.T. to report to the JDC at 8:00 a.m. on December 1, 2003. The Court also imposed fifteen (15) days in the JDC for J03-10-1797, however, suspended the detention for one-hundred twenty (120) days probation. The Court also imposed several conditions of probation, including, but not limited to mental health counseling, daily school attendance and continuance with IOP at the Spotted Bull Treatment Center every Tuesday and Thursday.
The record contains an affidavit signed by Misty Big Horn, L.T.’s aunt on November 24, 2003, the day prior to L.T.’s appearance before Judge Wildcat. Misty had initiated J03-10-1840 and in her affidavit she “withdrew’ her complaint. The record also contains another affidavit signed by Misty on December 8, 2003, which states that her November 24th affidavit was signed in the presence of a Court Clerk, however, was not given to Judge Wildcat prior to the November 25th hearing. The second affidavit is witnessed by L.T.’s grandmother, Sybil Erickson and Crystal Big Horn. The tenure of Misty’s second affidavit suggests that the alleged failure of the clerk to present her affidavit to Judge Wildcat denied L.T.’s fundamental right to due process.
On December 8, 2003, without notice to the prosecution, one of the guardians [1] brought the matter to the attention of Tribal Court Juvenile Judge, John Christian. The record does not reflect a noticed hearing; nonetheless, Judge Christian issued an Order to Release L.T. from custody on December 8, 2003. The only information on the Order to Release is written in cursive, presumably by Judge Christian, and states: “Time served for case # 1840. To start probation on case # 1797.”
The Prosecutor now appeals from Judge Christian’s order complaining that no finding of facts were made which support L.T.’s release and that, in any case, such release was made ex parte without input from the Prosecutor’s office. The Prosecutor further argues and alleges that she *144 brought Misty’s affidavit to the attention of Judge Wildcat on November 25th but stated that due to the seriousness of the matter, the Prosecutor would not be requesting a dismissal.
It is clear that Judge Wildcat’s order on November 25th rendered the matter a fait accompli. Anyone seeking to modify that order would be required to notice a hearing, allowing the Prosecutor an opportunity to be heard, as well as L.T. or anyone on her behalf. The record does not reflect any such notice. Indeed, the record does not even reflect that a hearing was held.
It should be noted that ‘due process’ is a fundamental right of all who come before our Tribal Court, including the Tribal Prosecutor. It should also be noted that once a matter is properly before the Tribal Court, it is not within the purview of the litigants to arbitrarily dispose of the matter. Thus, even if the Prosecutor agreed to dismiss the case, the final decision rests solely with the Tribal Court.
Thus, the Tribal Court erred in issuing the Order to Release without proper notice to the Tribal Prosecutor. Accordingly, the ex parte ruling denied the Tribal Prosecutor due process of law, therefore the order must be set aside.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The Order to Release issued by the Tribal Court on December 8, 2003, is set aside and the Order of the Tribal Court issued on November 25, 2003, shall be given full force and effect unless modified by the Tribal Court after proper notice to all parties.

. Sybil Erickson, L.T.'s grandmother was the guardian who brought the initial complaint (J03-10-1797). Following the initial hearing on that matter, the Tribal Court appointed Misty Big Horn, L.T.’s aunt, as temporary guardian. It was Misty who filed the second complaint (J03-10-1 840).